UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-cv-24423

RANEE BARTOLACCI, an individual,

    Plaintiff,

v.

YH LEX ESTATES LLC, a New York limited
Liability company,

    Defendant,

and

EZL 40 Meadow Lane, LLC, a Delaware limited
liability company,

    Nominal Defendant.
_____/

## DEFENDANT YH LEX ESTATES LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, YH LEX ESTATES LLC ("YH Lex" or the "Defendant"), hereby provides notice of removal to this Court of a matter originally filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2021 025805 CA 01 (08); attaches hereto copies of all known process, pleadings, and orders in such action; and avers the following pursuant to Federal Rule of Civil Procedure 11 as required by 28 U.S.C. § 1446:

1.     On November 24, 2021, Plaintiff Ranee Bartolacci ("Bartolacci") commenced an action in the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. The action is entitled *Ranee Bartolacci v. YH Lex Estates LLC and EZL 40 Meadow Lane LLC*, Case No. 2021 025805 CA 01 (08) (the "State Court Action"). **A copy of the State Court Action Complaint is attached hereto as Exhibit 1."**

2. On November 24, 2021, Defendant received a copy of the State Court Action Complaint via an exhibit to another litigation pending in the State of New York.

3. On December 16, 2021, Plaintiff purported to properly serve Defendant with process further to the State Court Action at 40 Wall Street, 35th Floor, in New York, New York. Under any timeline, this removal is timely.

4. Aside from the aforementioned paragraphs, Defendant is not aware of any other process, pleadings, papers or orders served upon Petitioner in the State Court Action.

5. Removal of this case to the United States District Court, Southern District of Florida (Miami Division) is proper at this time because, as explained below, there is complete diversity between the Defendant and the Plaintiff.

6. Pursuant to 28 U.S.C. § 1446(d), Defendant will also file in the State Court Action a Notice of Filing this Notice of Removal.

7. This Court has original jurisdiction over this civil action on the basis of diversity jurisdiction. Diversity jurisdiction exists where the suit is between citizens of different states, and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

8. Plaintiff is an individual residing in Miami, Florida, as alleged in the State Court Action Complaint, at paragraph 10.

9. Defendant is a New York limited liability company, as alleged in the State Court Action Complaint, at paragraph 11. YH Lex is a single member limited liability company, with the sole member known as YH Estates Limited, which is a company formed under the laws of the British Virgin Islands. Yoav Harlap, an individual citizen of Israel, who resides in Israel, is the beneficial owner of YH Estates Limited.

10. The supposed "nominal defendant" in this action, EZL 40 Meadow Lane LLC ("EZL") is immaterial for diversity purposes, and moreover, was apparently included in the complaint caption—which in fact seeks no relief against EZL—solely to fraudulently defeat diversity. *Navarro Sav. Ass'n v. Lee*, 446 US 458 (1980).

11. Although not relevant to assessing diversity since the entity is not a true party, EZL is, contrary to the allegations set forth in the Complaint, in fact 100% owned by Bartolacci's husband Nir Meir ("Meir"), a citizen of Florida-as reflected in the original EZL operating agreement, and as Meir repeatedly admitted including in prior representations his counsel previously made to New York state courts.

12. The supposed second EZL operating agreement on which Bartolacci relies in this action is a sham concocted by Meir and Bartolacci to avoid enforcement of an approximately $18 Million judgment entered against Meir earlier this year in New York state court.

13. The legitimacy of the second EZL operating agreement is already being litigated in New York state court by Bartolacci's counsel in this very case; the issue will be addressed conclusively at an evidentiary hearing scheduled for January 31, 2022.

14. Bartolacci filed this action in a transparent attempt to try to interfere with and avoid the consequences of the previously-commenced and far more advanced proceedings in New York.

15. In the State Court Action Complaint, Plaintiff fails to plead a specific amount of damages because she styles her action as a declaratory action.

16. In instances where the plaintiff only seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, from the plaintiff's perspective. *Design Center of Americas, LLC v. Mike Bell, Inc.*, 54 F. Supp. 3d 1339, 1341 (S.D. Fla. 2014).

17. A removing defendant is not required to prove the amount in controversy beyond all doubt; rather, the removing defendant must establish the amount in controversy by a preponderance of the evidence. *Id*.

18. To establish the amount in controversy by a preponderance of the evidence, "Defendants may introduce their own affidavits, declarations, or other documentation – provided of course that removal is procedurally proper." *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 753 (11th Cir. 2010).

19. A removing defendant may also rely upon the factual representations by plaintiff. *See Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F. 3d 1309, 1314-15 (11th Cir. 2002) (holding that a removing defendant may rely on the plaintiff's valuation of the case to establish the amount in controversy).

20. Here, based upon the attached affidavit of Andrew Heymann, coupled with the face of the State Court Action Complaint, it is clear that the amount in controversy exceeds $75,000.00.

21. Specifically, in the State Court Action Complaint, the Plaintiff alleges, *inter alia*, that YH Lex is conducting post-judgment collection efforts against Plaintiff's husband, Nir Meir, in New York by seeking the turnover of 100% of the membership interests of nominal defendant EZL 40 Meadow Lane LLC ("EZL") in order to satisfy a $19 Million judgment in YH Lex's favor. *Complaint*, at ¶¶ 2-3, 15-16.

22. Plaintiff in the State Court Action further alleges that Plaintiff is not entitled to any turnover of EZL because she is the 95% owner (Complaint, at ¶¶1, 7, 9, 14, 17, 20 28, 30-31) which is disputed (*Complaint*, at ¶23).

23. On November 11, 2021, the Manager of Defendant YH Lex, Andrew W. Heymann, filed an affidavit in the New York action, captioned *YH Lex Estates LLC v. HFZ Capital Group LLC, Ziel Feldman and Nir Meir*, which is pending in the Supreme Court of the State of New York,

4

attesting to the fraudulent transfer by and through EZL of millions of dollars. *See* **Affidavit of Andrew Heymann, attached hereto as Exhibit "2"** at, among other paragraphs, ¶14.

24. Accordingly, there is no dispute that that amount in controversy exceeds the jurisdiction threshold amount because the amount of the assets owned and/or controlled by EZL, which Plaintiff claims 95% ownership, vastly exceed $75,000.00.

25. As such, there is diversity jurisdiction.

26. In accordance with Local Rule 7.2, there are no motions pending in the State Court Action.

27. By removing this action from state court, YH Lex does not waive any defenses available to it.

28. By removing this action from state court, YH Lex does not admit any of the allegations in Plaintiff's complaint.

WHEREFORE, Defendant, YH Lex Estates LLC, remove this action to the United States District Court, Southern District of Florida (Miami Division).

Dated:   December 22, 2021                   Respectfully submitted,

                                                     By:   **Stephen J. Padula**
                                                          STEPHEN J. PADULA
                                                          Florida Bar No. 182362
                                                          Email:  SJP@PBL-Law.com
                                                          PADULA BENNARDO LEVINE, LLP
                                                          3837 NW Boca Raton Boulevard, Suite 200
                                                          Boca Raton, Florida 33431
                                                          Telephone No. 561.544.8900
                                                          Counsel for Petitioner/Defendant YH Lex Estates LLC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 22nd day of December, 2021, that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified or in some other authorized manner for those counsel.

By: **Stephen J. Padula**
STEPHEN J. PADULA

## SERVICE LIST

**John A. Moore, Esquire**
Law Offices of Vincent F. Vaccarella, P.A.
888 East Las Olas Boulevard, Suite 700
Fort Lauderdale, Florida 33301
Telephone No. 954.568.7000
Counsel for Plaintiff
Email:  JMoore@V-Law.net