**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

UNITED STATES DISTRICT JUDGE MARCIA G. COOKE
Case No. 1:21-cv-24423

RANEE BARTOLACCI, an individual,

      Plaintiff,

v.

YH LEX ESTATES LLC, a New York Limited
Liability Company,

      Defendant,

and

EZL 40 Meadow Lane, LLC, a Delaware
Limited Liability Company,

      Nominal Defendant.

_____/

**PLAINTIFF, RANEE BARTOLACCI'S RESPONSE IN OPPOSITION TO**
**YH LEX ESTATES, LLC'S MOTION TO STAY OR, ALTERNATIVELY,**
**DISMISS OR TRANSFER**

      Plaintiff, RANEE BARTOLACCI ("Bartolacci"), through undersigned counsel,

hereby responds in opposition to YH LEX ESTATES, LLC's ("YH Lex") Motion to Stay

or, Alternatively, Dismiss or Transfer (the "Motion") and states as follows:

**INTRODUCTION**

      YH Lex's motion is a cynical exercise in obscuring the scope of the pending New

York action in order to manufacture a basis to apply the *Colorado River* doctrine.  It is

indisputable that: (i) Bartolacci is not a party to the New York action; (ii) Bartolacci has

1

not been served with process and/or notice of any claims against her in the New York action; and (iii) the New York court does not have personal jurisdiction over Bartolacci. As a result, the issue of Bartolacci's 95% ownership in EZL is not before the New York court and the New York court is powerless to issue any order that would purport to divest Bartolacci of her 95% interest in EZL.

Accordingly, there is simply no basis to stay this action (or otherwise transfer this action) in favor of the New York action.  Moreover, this Court has personal jurisdiction over YH Lex so there is no basis to dismiss.

## **BACKGROUND**

YH Lex seeks to stay this action in favor of the pending New York action to which Bartolacci is not a party.  In the New York action, YH Lex is seeking to enforce a money judgment entered solely against Nir Meir ("Meir").  As part of those efforts, YH Lex has sought to compel Meir to turnover his membership interests in EZL.  Meir does not dispute that he is a 5% owner of EZL.  It is also undisputed that Bartolacci, a Florida resident, is in possession of the remaining 95% interest.  However, YH Lex has asserted in the New York action that Meir is "in reality" the 100% owner of EZL and improperly seeks an order from the New York court that would purport to divest Bartolacci of her 95% interest – without Bartolacci having been named as a party and without the New York court having jurisdiction over her.

New York law is crystal clear that, in order to divest a transferee of property (whether acquired through an alleged fraudulent conveyance or otherwise), a judgment-creditor must commence a special proceeding or plenary action against the transferee in a court which has personal jurisdiction over the transferee.  *Compare* CPLR 5225(a) *with*

2

CPLR 5225(b); National Fire Protection Assoc., Inc. v. Swets Information Services Private Ltd., 2021 WL 1254424, *2 (S.D.N.Y. 2021)

 ("[CPLR 5225] distinguishes between proceedings brought against defendants and those brought against non-parties: CPLR 5225(a) applies when the property is in the possession of the defendant-judgment debtor himself.  CPLR 5225(b) applies when the property is not in the defendant-judgment-debtor's possession.  The most significant difference between the subdivisions is that CPLR 5225(a) is invoked by a motion made by the judgment creditor, whereas CPLR 5225(b) requires a special proceeding brought by the judgment creditor against the garnishee.  The reason for this procedural distinction is that the garnishee, not being a party to the main action, has to be independently subjected to the court's jurisdiction.").

Where, as here, the personal property at issue (*i.e.* EZL membership interests) is in the possession of another person (*i.e.* Bartolacci), the exclusive remedy is the commencement of a special proceeding under CPLR 5225(b) – which YH Lex has not even attempted to do in New York. *See* Jones v. Palermo, 105 Misc.2d 405, 406-407 (Sup. Ct. N.Y. Co. 1980) ("The purpose of requiring a special proceeding under CPLR 5225(b) is to bring the person (the garnishee) holding the property in which the judgment debtor allegedly has an interest within the in personam jurisdiction of the court. The provision safeguards the due process rights of the garnishee in the property before severing those rights and ordering the turn over of the property for eventual sale to satisfy the judgment."); *Bergdorf Goodman, Inc. v. Marine Midland Bank*, 97 Misc.2d 311, 312 (Civ. Ct. N.Y. Co. 1978)

("A legal proceeding to divest rights cannot be instituted without safeguarding the right of due process of law. Due process requires proper notice of the proceedings.") (emphasis added) (citing Lane v. Johnson, 283 N.Y. 244, 253 (1940)

).

In addition, before issuing any order which could result in divesting Bartolacci of her 95% EZL interest, a court must have personal jurisdiction over Bartolacci – which the New York court does not have.  *See* Siegel, *Practice Commentaries* § C5225:5 (CPLR 5225(b) "recognizes that jurisdiction has yet to be obtained over the third person"); *Jones*, 105 Misc.2d at 407 ("The purpose of requiring a special proceeding under CPLR 5225(b) is to bring the person [] holding the property . . . within the in personam jurisdiction of the court."); *National Fire Protection*, 2021 WL 1254424, *2 ("garnishee, not being a party to the main action, has to be independently subjected to the court's jurisdiction"); Carmody-Wait, *New York Practice* § 64:380 (CPLR 5225(b) "applies when the property is not in the judgment debtor's possession and contemplates an order, directed at a defendant who is amenable to the personal jurisdiction of the court, requiring him to pay money or deliver property . . . where a court lacks personal or general jurisdiction over the garnishee, it lacks the ability to collect assets to satisfy a judgment against a debtor") (emphasis added); *see also* <u>Ruvolo</u>, 45 Misc.2d at 145 (CPLR <u>5225</u>(b) "require[s] a special proceeding to be commenced by a judgment creditor against the garnishee who must be served in the same manner as a summons in an action").

Taken together, a proceeding which may result in divesting Bartolacci of her 95% interest in EZL may *only* take place in an action: (i) in which Bartolacci has been made a party; (ii) in which she have been afforded notice of the claims asserted against her and a

meaningful opportunity to defend against those claims; and (iii) before a court which has personal jurisdiction over her and is otherwise vested with authority to divest her of property rights.  *The New York action does not comport with any of these requirements*. At present, YH Lex has *not* commenced a proceeding against Bartolacci in New York, has *not* served her with process, has *not* notified her of any claims against her, and has *not* established that the New York court has personal jurisdiction over her.

It is indisputable that the New York court does not have personal jurisdiction over Bartolacci to issue any order affecting her property rights in EZL.   Bartolacci is indisputably a Florida resident.    Bartolacci has made only a *limited appearance in the New York action for the purpose of challenging the exercise of personal jurisdiction by the New York court* with respect to New York post-judgment information and document subpoenas improperly served on her in Florida.   In addition to those subpoenas not providing any notice whatsoever of any claims against Bartolacci, YH Lex's purported service of New York subpoenas on Bartolacci in Florida is facially invalid and does not vest the New York court with jurisdiction over her with respect to enforcement of the subpoenas – and certainly not with respect to deciding her ownership in EZL.   *Id*.   "It is beyond cavil that a New York subpoena may not be served outside the state."  *Callaghan HYPERLINK "https://1.next.westlaw.com/Document/I1237a6c0eb3211e9be36860eb2f983f8/View/Full Text.html? transitionType=UniqueDocItem&contextData=(sc.UserEnteredCitation)&userEnteredCi tation=2019+WL+5066878" v. Ery Tenant LLC*, 2019 WL 5066878, *1 (Sup. Ct. N.Y. Co. 2019) (quashing New York subpoena served in New Jersey) (citing *Siemens*

5

 *HYPERLINK*

*"https://1.next.westlaw.com/Document/Ieb419254d7f611d9bf60c1d57ebc853e/View/Full*

*Text.html?*

*originationContext=typeAhead&transitionType=Default&contextData=(sc.Default)"&*

*HYPERLINK*

*"https://1.next.westlaw.com/Document/Ieb419254d7f611d9bf60c1d57ebc853e/View/Full*

*Text.html?*

*originationContext=typeAhead&transitionType=Default&contextData=(sc.Default)"*

*Haske GmbH. v. Gres*, 37 A.D.2d 768, 768 (1st Dept. 1971))

.  "Service of a subpoena in a New York action directly upon a person or corporation

located outside of New York is not permitted, and any such service is void, unauthorized,

and ineffective, since the subpoena power of a New York court is limited to its territorial

jurisdiction."  *Cambridge Packaging Co., Inc. v. Lajaunie*, 2019 WL 5212868, *2 (Sup.

Ct. N.Y. Co. 2019)

 (citing     Judiciary     Law     §     2-b;     *Siemens            HYPERLINK*

*"https://1.next.westlaw.com/Document/Ieb419254d7f611d9bf60c1d57ebc853e/View/Full*

*Text.html?*

*originationContext=typeAhead&transitionType=Default&contextData=(sc.Default)"&*

*HYPERLINK*

*"https://1.next.westlaw.com/Document/Ieb419254d7f611d9bf60c1d57ebc853e/View/Full*

*Text.html?*

*originationContext=typeAhead&transitionType=Default&contextData=(sc.Default)"*

*Haske*, 37 A.D.2d at 768; *Wiseman v. American Motors Sales Corp* HYPERLINK

 HYPERLINK

"https://1.next.westlaw.com/Document/Ia5d8309ad92011d9a489ee624f1f6e1a/View/Full

Text.html?

transitionType=UniqueDocItem&contextData=(sc.Default)&userEnteredCitation=103

+A.D.2d+230"., 103 A.D.2d 230 (2d Dept. 1984)

 ("service of a subpoena on a nonparty witness outside this State is void because no

authorization for such service exists")).

Because New York does not have personal jurisdiction over Bartolacci, it simply

does not have the power to decide the issue of Bartolacci's 95% ownership.  "[W]here a

court lacks personal or general jurisdiction over the garnishee, it lacks the ability to

collect assets to satisfy a judgment against a debtor."  9B Carmody-Wait 2d § 64:380; *see*

*also                              National                         Fire                    HYPERLINK*

*"https://1.next.westlaw.com/Document/I1c63fa5096c511ebbbbbabec583fa227/View/Full*

*Text.html?*

*originationContext=typeAhead&transitionType=Default&contextData=(sc.Default)"*

*Protection*, 2021 WL 1254424, *2 ("The Court is thus unpersuaded that it has the

authority to order Plaintiff's requested relief, as at present it is unable to determine

whether it has personal jurisdiction over the affected third-party financial institutions.");

*Wagner                                  Ziv                               HYPERLINK*

*"https://1.next.westlaw.com/Document/If0b1947c03e511e2b60bb297d3d07bc5/View/Full*

*Text.html?*

*originationContext=typeAhead&transitionType=Default&contextData=(sc.Default)"*

*Plumbing*,  36  Misc.  3d  1242(A)  ("As  for  the  shares  that  have  been  [allegedly

7

fraudulently] transferred to Mr. Goldberg and Mr. Abergel, neither of these gentlemen were parties to this action; therefore, this court does not have the jurisdiction to order their turning over of shares.  Such an order can only be accomplished via a special proceeding in which these gentlemen are made a party pursuant to CPLR 5225(b).").

As such, the issue of Bartolacci's 95% interest in EZL is not before the New York court.

- **THIS COURT SHOULD NOT STAY BARTOLACCI'S CLAIMS**

- The *Colorado River* Doctrine Is Inapplicable Because There Is No Concurrent Jurisdiction and No Parallel Parties.

The *Colorado River* doctrine does not apply in this matter because "the *Colorado River* doctrine **only** applies to claims under the concurrent jurisdiction of the federal and state Courts." *See, e.g., Minucci v. Agrama*, 868 F.2d 1113, 1115 (9th Cir. 1989) (emphasis added).  *Gold-Fogel v. Fogel*, 16 F.4th 790, 800 (11th Cir. 2021) (federal and state litigations do not have to be identical, but they must involve "substantially the same parties and substantially the same issues.").  "The first step in determining whether the *Colorado River* doctrine applies is to decide whether the concurrent state and federal cases are in fact parallel cases."  *C & M Inv. Grp., Ltd. v. Campbell*, 2010 WL 4259394, * 2 (M.D. Fla. Oct. 25, 2010).

There is no concurrent (or parallel) jurisdiction between this action and the New York action.  Bartolacci is not a party to the New York action.  YH Lex has not served Bartolacci with process and/or notice of any claims against her in New York.  As a result, the New York court does not have personal jurisdiction over Bartolacci and has not been vested with the authority to decide Bartolacci's ownership interest in EZL.  In these

circumstances, *Colorado River* is inapplicable and does not provide any basis for staying this action in favor of the New York action. *See, e.g., C & M Inv. Grp.*, 2010 WL 4259394, *2 (M.D. Fla. Oct. 25, 2010) (declining to stay federal action because "[the federal] action deals with whether Mr. Campbell fraudulently transferred assets to Defendant Julie Campbell, who is not a party in the [state] action"); *Regions Bank v. Commonwealth Land Title Ins. Co.*, 2012 WL 1135844, at *4 (S.D. Fla. Apr. 4, 2012) (the Court finds that the state court action is not truly 'parallel' because Commonwealth [defendant] is not a litigant in the state court proceeding . . . Absent Commonwealth's involvement in the state court proceeding, there is no assurance that the issues raised in this case will be fully and properly litigated there.") (citations omitted); *State Farm Mut. Auto. Ins. Co. v. Physicians Grp. of Sarasota, L.L.C.*, 9 F. Supp. 3d 1303, 1309 (M.D. Fla. 2014) ("Parallelism of parties is lacking. District courts in this Circuit have denied abstention when federal litigants are not parties in the state court proceeding."); *Nacol v. Keith Wood Agency, Inc.*, 750 F. Supp. 1128 (M.D. Fla. 1990) ("Plaintiff is correct in stating that all of the matters in controversy are not parallel. The federal case contains broader allegations. Additionally, at this point in time, the parties are not the same. . . There is no assurance that all of the Plaintiff's claims will be addressed by the state Court since some of his claims are not at issue in the state Court proceeding.").

- Even Assuming *Arguendo* that the *Colorado River* Doctrine Applies, a Balancing of the Relevant Factors Do Not Favor a Stay.

In *Colorado River*, "the Supreme Court set forth several factors that might warrant a district court's declination to use its jurisdiction **when parallel state and federal litigation exists**." *Gold-Fogel v. Fogel*, 16 F.4th 790, 800 (11th Cir. 2021) (emphasis

added). As noted above, because concurrent jurisdiction is lacking here, *Colorado River* does not apply and the Court's inquiry should end there. However, even if the Court were to consider the *Colorado River* factors, a stay would still be unwarranted.

As a threshold matter, "[w]hile abstention as a general matter is rare, *Colorado River* abstention is particularly rare." *See Jackson-Platts v. GE Capital Corp.*, 727 F.3d 1127, 1140 (11th Cir. 2013). The relevant factors are:

> (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will apply [], (6) the adequacy of the state court to protect the parties' rights, (7) the vexatious or reactive nature of either the federal or the state litigation, and (8) whether the concurrent cases involve a federal statute that evinces a policy favoring abstention.

*Id*. (quoting *Ambrosia Coal & Constr. Co. v. Morales*, 368 F.3d 1320, 1331 (11th Cir. 2004) (internal quotation marks omitted).

Eleventh Circuit courts are clear that "at the outset, the balance in these situations begins titled heavily in favor of exercise of the court's jurisdiction. Thus, if there is **any** substantial doubt about whether the two cases are parallel the court should not abstain." *Acosta v. Gustino*, 478 Fed.Appx. 620, 622 (11th Cir. 2012) (emphasis added); *Jackson-Platts*, 727 F.3d at 1140 ("since federal courts have a virtually unflagging obligation to exercise their jurisdiction, *Colorado River* abstention applies in exceptional circumstances"). Most importantly, "the balance [is] heavily weighted in favor of the exercise of jurisdiction." *Fogel*, 16 F.4th at 800. It has been explained further as an "extraordinary step" that "only the clearest of justifications merits abstention." *Jackson-Platts*, 727 F.3d at 1140 (internal quotations omitted). Here, on balance the factors do not

weigh in favor of the staying of this case.

- Jurisdiction Over the Property.

"The first factor, whether one of the courts has jurisdiction over property, only applies when there is a proceeding *in rem*.  This proceeding does not concern a dispute over real property, so this factor does not favor abstention." *Bayshore TBI, Inc. v. MemberSelect Ins. Co.,* No. 8-19-cv-01281, 2019 U.S. Dist. LEXIS 212811, 2019 WL 6696245, at *13 (M.D. Fla. Dec. 4, 2019).   However, it is worth noting that the membership interests at issue are in the possession of Bartolacci, a Florida resident, in Florida.

- Any Inconvenience in the Federal Forum Is Equal to Both Parties and Therefore Does Not Favor Abstention

Here, any argument that YH Lex will be inconvenienced by litigating this issue in Florida can be equally applied to Bartolacci being forced to litigate in New York. This claim of inconvenience has previously been held to be "insufficient to warrant abstention." *NCH Healthcare Sys. V. Paxerahealth Corp.*, No. 2-19-cv-632, 2019 U.S. Dist. LEXIS 216551, 2019 WL 6877180, at *7 (M.D. Fla. Dec. 17, 2019).   In *NCH Healthcare Sys*., the court held that "[t]his factor cuts both ways as it is equally inconvenient for NCH, a Florida company, to litigate in Massachusetts as it is for Paxera, operating out of Massachusetts, to litigate in Florida. *Id.*   Accordingly, this factor does not support abstention.

- The Potential for Piecemeal Litigation

There is no potential for piecemeal litigation because YH Lex cannot obtain relief against Bartolacci in the New York action.  As discussed in detail above, Bartolacci is not a party to the New York action and the New York court lacks jurisdiction to decide the issue of her ownership.  Thus, regardless of whether this case is stayed, YH Lex cannot obtain a valid finding or order in the New York action with respect to Bartolacci's ownership interests in EZL.  In any event, caselaw is clear that "federal courts should rarely yield jurisdiction to a state court simply because the litigation would be duplicative." *Baker v. Warner/Chappell Music, Inc.*, 759 Fed. Appx. 760, 762 (11th Cir. 2018).  And, even if there were overlapping issues, "this factor does not favor abstention unless the circumstances enveloping those issues will likely lead to piecemeal litigation that is abnormally excessive or deleterious." *Jackson-Platts*, 727 F.3d at 1142.

- The Order in Which the Cases Were Filed

This case is the first filed case in which Bartolacci and YH Lex have been named as parties.  "With this factor, the Court must consider **which forum acquired jurisdiction first**." *Sina v. Citibank, N.A.*, 990 F. Supp. 2d 1370, 1378 (S.D. Fla. 2014) (emphasis added). Although the New York action was filed prior to this action, Bartolacci is not a party to the New York action and the New York court **never** obtained jurisdiction over Bartolacci.  Thus, this factor clearly weighs against abstention.

- This Action Does Not Involve Complex Matters of State Law

Here, the *Colorado River* doctrine does not favor abstention because this court is well equipped to apply any relevant state law. In fact, "this factor favors abstention **only** where the applicable state law is particularly complex or best left to the state court to

resolve." *Jackson-Platts*, 727 F.3d at 1143 (emphasis added).  YH Lex's argument that this matter does not implicate Florida or federal law misses the point.  This factor does not turn on the issue of which state's law applies and instead considers whether the appliable law is particularly complex.  This court is more than capable of applying any relevant state law, and thus this factor does not favor abstention.

- <u>The State Court Cannot Adequately Protect Bartolacci's Rights Because She Is Not a Party to the New York Action</u>

As detailed above, YH Lex's conduct in the New York action has been in blatant violation of Bartolacci's due process rights.  The New York action cannot adequately protect Bartolacci's rights because she is not a party to the action nor is she subject to the jurisdiction of the New York court.   In effect, YH Lex argues that Bartolacci must sit back and let her property interest in EZL be determined in a court that does not have jurisdiction over her.  *Jackson-Platts*, 727 F.3d at 1143 ("this factor will only weigh in favor or against abstention when one of the fora is inadequate to protect a parties rights.") (quoting *Morales*, 368 F.3d at 1334).  Because the New York action cannot adequately protect Bartolacci's due process rights (and YH Lex appears intent to use the New York action as a vehicle to deprive Bartolacci of her due process rights), this factor weighs heavily against abstention.

- <u>Bartolacci's Lawsuit Is Not Vexatious and Is Necessary to Protect Her Rights.</u>

YH Lex's curious argument that Bartolacci has engaged in forum shopping does not withstand even cursory scrutiny, as Bartolacci has only filed one suit – this case -- and she has done so to protect her rights in EZL.   In fact, it is YH Lex who has engaged in judge shopping in Florida as is evidenced by the fact that it first sought to domesticate its

judgment in the New York action in Miami-Dade Circuit Court Case No. 2021-018720-CA-01.  Then, when YH Lex did not get the ruling it anticipated from Judge Lourdes Simon at the initial hearing on November 9, 2021, YH Lex filed a new action on November 19, 2021 in which it once again domesticated the same judgment from the New York action and was assigned Judge Maria de Jesus Santovenia.  Thereafter, on January 12, 2022, YH Lex dismissed its first filed action choosing to proceed with the second filed action in front of Judge Maria de Jesus Santovenia.

- Neither Action Involves a Federal Statute That Evinces a Policy of Abstention.

The final factor also does not favor abstention as neither the New York action nor this action involves a federal statute -- let alone one that evinces a policy of abstention.

Based on the balance of the *Colorado River* factors, YH Lex has failed to meet its heavy burden and this Court should deny the Motion to Stay.

- **THIS ACTION SHOULD NOT BE TRANSFERRED OR DISMISSED**

In a "motion for transfer under [28 U.S.C. §] 1404(a), the burden is on the movant to establish the suggested forum is more convenient." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).  Additionally, "federal courts traditionally have accorded a plaintiff's choice of forum considerable deference." *Id*.  YH Lex presents two arguments in favor of transfer or dismissal, both of which are unavailing because: (1) the forum selection clause in the Operating Agreement does not govern the present dispute and, in any event, YH Lex is not a party to the Operating Agreement and has no standing to enforce it; and (2) the New York court does not have jurisdiction over Bartolacci,

14

whereas this Court has jurisdiction over YH Lex.

- The Forum Selection Clause in the Operating Agreement Does Not Govern this Dispute and, in any event, YH Lex Lacks Standing To Enforce It

YH Lex's reliance on the forum selection clause in the EZL Operating Agreement is nonsensical.   The forum selection clause applies to "the resolution of disputes arising" under the Operating Agreement.  Motion Ex. 10 at § 15.14.  YH Lex's improper attempt to divest Bartolacci of her memberships interests does not "arise under" the Operating Agreement.

Equally fatal to YH Lex's argument is the fact that YH Lex is not a party to the Operating Agreement and thus lacks standing to enforce it.  A non-party may enforce an agreement only "if the parties to the contract express a clear intention to confer a benefit on the third party." *Mims v. Global Credit & Collection Corp.*, 803 F. Supp. 2d 1349, 1354 (S.D. Fla. 2005); *see also ComJet Aviation Mgmt. LLC v. Aviation Investors Holdings Ltd.*, 303 A.D.2d 272, 272 (1st Dept. 2003) (holding that third-party beneficiaries, but not incidental beneficiaries, may enforce forum selection clauses to which they are not a party).  YH Lex neither alleges that it is a third-party beneficiary nor points to any language in the Operating Agreement that evinces a "clear intent" to confer any benefit upon YH Lex.

In fact, the Operating Agreement expresses a clear intent *not* to confer any third-party beneficiary rights.  *See* EZL OA § 15.4 (". . . nothing in this Agreement shall confer any rights or remedies under or by reason of this Agreement on any Persons other than the Members and their respective, heirs, administrators, successors and assigns . . .").  Both New York and Florida courts routinely enforce such provisions.  *See, e.g., McMahan Sec.*

*Co. L.P. v. Aviator Master Fund, Ltd.*, 57 A.D.3d 326, 327 (1st Dept. 2008) ("Petitioner, which is not a signatory to any of the agreements, is not entitled to enforce the forum selection clause as a third-party beneficiary. The clear and unambiguous language of paragraph 13 of the subscription agreements explicitly excludes all but the signatories and their successors from its provisions. Nor has petitioner shown that it is a closely related entity so as to be entitled to enforce the forum selection clause.") (citations omitted); *Goins v. Praetorian Ins. Co.*, 2018 WL 11226170, at \*2 (Fla.Cir.Ct. Sep. 13, 2018) ("In light of the clear intent and language of the subject policy, it is apparent that the policy is limited to benefit only Midland Mortgage. Under the facts of this case, the Plaintiff, Pamela Goins, is not an intended third-party beneficiary.").

Accordingly, YH Lex may not invoke the forum selection clause and YH Lex's arguments to the contrary are without merit.

- This Matter Should Not Be Transferred to New York Because this Court has Jurisdiction Over YH Lex.

YH Lex's argument that this case should be transferred or dismissed because the Court lacks personal jurisdiction over YH Lex is equally unavailing. YH Lex is wrongfully and intentionally attempting to divest Bartolacci of her ownership interest in EZL which injury will be suffered by Bartolacci in Florida. In these circumstances, this Court may properly exercise personal jurisdiction over YH Lex. "The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis by federal courts." *Steinhilber v. Lamoree*, 825 F. Supp. 1003, 1005 (S.D. Fla. 1992). "First, the Court must consider the jurisdictional issues under Florida's Long-Arm Statute, Fla. Stat. Ann. § 48,193." *Id*. "Second, the Court must determine whether there are sufficient

16

minimum contacts to satisfy the Due Process Clause of the Fourteenth Amendment." *Id.*

Here, Florida's Long-Arm Statute is satisfied because YH Lex is attempting to inflict injury on Bartolacci in Florida. This is because "[u]nder §48.193(1)(a)(2), a defendant commits a tortious act within Florida when the act causes injury in Florida." *Honus Wagner Co. v. Luminary Grp. LLC*, No. 17-CV-61317, 2017 U.S. Dist. LEXIS 210097, 2017 WL 6547899, at *22-23 (S.D. Fla. Dec. 21, 2017). Additionally, "the Eleventh Circuit's firmly established precedent interprets subsection 48.193(1)(a)(2) to apply to defendants committing tortious acts outside the state that cause injury in Florida." *Id.* at 23 (quoting *Posner v.* Essex Ins. Co., 178 F.3d 1209, 1217 (11th Cir. 1999) (internal quotations omitted)).

"In addition to determining the reach of Florida's long-arm statute, the Court must consider whether the exercise of personal jurisdiction over [the defendant] would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice." *CJS Sols. Grp., LLC v. Tokarz*, No. 3:20-CV-65, 2021 U.S. Dist. LEXIS 41561, at *20 (M.D. Fla. Mar. 5, 2021).

Within the Eleventh Circuit, the courts apply a three-part test which examines: (1) whether the plaintiff's claims arise out of or at least relate to at least one of defendant's contacts with the forum; (2) whether the defendant purposely availed himself of the privilege of conducting activities within the state; and (3) whether jurisdiction comports with the traditional notions of fair play and substantial justice. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013).

"In determining whether a defendant's tortious act is sufficiently connected to the forum, the Eleventh Circuit has instructed that a tort arises out of or relates to the defendant's activity in a state only if the activity is a 'but-for' cause of the tort." *Tokarz*, 2021 U.S. Dist. LEXIS 41561, at *21. Here, YH Lex's intentional conduct is the sole cause of the injury suffered by Bartolacci in Florida.

The "Effects Test" may be used to determine whether purposeful availment occurred. *Mosseri*, 736 F.3d at 1356. Under the Effects Test, "a defendant's single tortious act can establish purposeful availment, without regard to whether the defendant had any other contacts with the forum state." *Id*. This occurs when the tort (1) was intentional; (2) was aimed at the forum state; and (3) caused harm the defendant should have anticipated would be suffered in the forum state. *Id*. Here, YH Lex's conduct is intentional, aimed at Florida, and YH Lex should have anticipated that Bartolacci would suffer harm in Florida.

Finally, to determine whether jurisdiction comports with traditional notions of fair play and substantial justice, courts consider "(1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the judicial systems interest in resolving the dispute." *Id*. at 1358 (quoting *Licciardello v. Lovelady*, 544 F.3d 1280, 1288 (11th Cir. 2008) (internal quotation marks omitted).

Although litigation in Florida may burden YH Lex (as compared to litigation in New York), the requested transfer would merely shift that burden to Bartolacci and force her to litigate in New York which is not appropriate. *Combs v. Fla. Dep't of Corr.*, 461 F. Supp. 3d 1203, 1211 (N.D. Fla. 2020) (stating that transfer that merely shifted, but did

not eliminate, inconvenience was not appropriate); *See also Clinton v. Sec. Benefit Life Ins. Co.*, No. 19-24803, 2020 U.S. Dist. LEXIS 115430, 2020 WL 6120565, at *16 (S.D. Fla. June 29, 2020) ("transfer under § 1404(a) is generally inappropriate where it merely shifts the inconvenience from one party to another").  Additionally, "Florida has a very strong interest in affording its residents a forum to obtain relief from intentional misconduct of nonresidents causing injury in Florida." *Lovelady*, 544 F.3d at 1288. A "Florida plaintiff, injured by the intentional misconduct of a nonresident expressly aimed at the Florida plaintiff, is not required to travel to the nonresident's state of residence to obtain a remedy." *Id*.

Here, this Court has personal jurisdiction over YH Lex because its actions fall within Florida's Long-Arm Statute and personal jurisdiction would not violate YH Lex's Due Process rights as demonstrated above. Accordingly, YH Lex's argument that this case should be transferred or dismissed because this court lacks personal jurisdiction is without merit.  If there is any doubt in this regard, Bartolacci respectfully requests leave to amend the complaint.  *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct.  227, 9 L. Ed. 2d 222 (1962) (holding that leave to amend should be granted freely "in the absence of undue delay, bad faith or dilatory motive. . . [or repeated failure to cure deficiencies by amendments previously allowed."); *Skyhop Techs. v. Praveen Narra & Indyzen*, No. 21-60799, 2021 U.S. Dist. LEXIS 212163, 2021 WL 4990666, at *2-4 (S.D. Fla. Aug. 3, 2021) (holding that leave to amend shall be freely given to add more facts for personal jurisdiction).

## CONCLUSION

The *Colorado River* Doctrine is inapplicable to this case because Bartolacci is not

a party to the New York action.  Moreover, even were this Court to apply the *Colorado River* doctrine, a stay is not warranted based upon the weighing of the factors as set forth above.  Since the factors considered by this Court are "**heavily weighted in favor of the exercise of jurisdiction**," it is clear that YH Lex has not demonstrated that a stay is proper and thus its Motion to Stay should be denied. *Fogel*, 16 F.4th at 800 (emphasis added).

Additionally, this Court should deny YH Lex's Motion to Transfer because in a "motion for transfer under [28 U.S.C. §] 1404(a), the burden is on the movant to establish the suggested forum is more convenient." *In re Ricoh Corp*., 870 F.2d at 573. Further, "federal courts traditionally have accorded a plaintiff's choice of forum considerable deference." *Id*. Moreover, YH Lex's two arguments for transfer fail because (1) the forum selection clause in the Operating Agreement does not govern this dispute, and, in any event, YH Lex lacks standing to enforce it; and (2) this Court has personal jurisdiction over YH Lex, thereby defeating YH Lex's claimed basis for transfer or dismissal.  Thus, YH Lex has not met its burden and its Motion to Transfer or Dismiss must be denied.

WHEREFORE, Bartolacci respectfully requests that the Court deny YH Lex's Motion to Stay or Transfer or Dismiss and grant any other relief deemed just and proper.

Dated: January 26, 2022

Respectfully submitted,

VINCENT F. VACCARELLA, P.A.
888 East Las Olas Blvd., Suite 700
Fort Lauderdale, FL 33301
Ph:       305-932-4044

By: /s/ *John A. Moore*

JOHN A. MOORE
Fla. Bar No. 091820
jmoore@v-law.net

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on January 26, 2022, a true and complete correct copy of the foregoing was served via CM/ECF on all counsel for the parties.

Respectfully submitted,

By: /s/ *John A. Moore*

John A. Moore